## LAVERTY and Another *v.* CHAMBERLAIN.

The statute of 1838 required, that the motion for judgment against a purchaser of property on execution, who had failed to pay for the same, should be made, not by the execution-creditor, but by the officer who made the sale.

A Court of chancery will not compel a purchaser of real estate under a decree, to complete his purchase, until a report of the sale has been made and confirmed.

*Monday,
December* 8.

ERROR to the *Allen* Circuit Court.

SULLIVAN, J.—This was a motion by the plaintiffs against the defendant, to show cause why an attachment should not issue against him to compel him to complete a purchase, made by him at sheriff's sale, of a certain lot in *Fort Wayne*. The notice, of which service was duly made, states that the lot was sold by the sheriff on a credit, by virtue of a decree of the *Allen* Circuit Court in favour of the plaintiffs against the heirs of one *Bonn*, deceased, and others, the purchase-money to be paid in certain instalments (which are set out in the notice); and that at the sale, the defendant became the purchaser at and for the sum of 500 dollars; that he refuses to pay, or to give his notes for the purchase-money, or in any wise to complete the purchase, &c. The Court refused the motion, and dismissed the suit at the costs of the plaintiffs.

It is very manifest, that the proceedings in this case are not in conformity with the act to amend the act subjecting real and personal estate to execution, approved *February* 4th, 1832. R. S. 1838, p. 286. By virtue of the provisions of that statute, if a purchaser shall neglect or refuse to pay the purchase-money of any property sold on execution, he shall be liable, on motion by the officer making such sale, to a judgment for the amount of the purchase-money, &c. The remedy given by that statute is new, and the proceedings

are summary; and the general rule is, that, in pursuing the remedy given by such a statute, the direction of the act must be strictly pursued. The motion in this case was made by the plaintiffs in the execution, and not by the officer that made the sale; and if there be no other law authorizing this proceeding than the statute referred to, the Court did not err in dismissing it.

The plaintiffs in error contend that the Court, irrespective of the statute, had the power to enforce its decree, and should therefore have granted their motion. That a Court of chancery has the power to act upon a purchaser of real estate, sold under a decree of the Court, who refuses to complete his purchase, is undoubtedly true. The power is a necessary and salutary one; for if the Court did not possess it, its decrees, and indeed the Court itself, might be made objects of sport. But we know of no case, in which a Court has exercised the power until the sale has been reported, and the report confirmed. In 2 Smith's Ch. Pr. 201, it is said that it is necessary that the report be confirmed absolutely, before any steps are taken by the vendor to compel the purchaser to complete; and in 2 Ves. 335, a motion to compel a purchaser to pay in his purchase-money, before the report had been confirmed, was refused. The purchaser has a right to except to the report, as, for example, by showing that the title is doubtful; and if on the argument of the exceptions, the Court is of opinion that the title is doubtful, they will not compel a purchaser to take it. *Wheate* v. *Hall*, 17 Ves. 80. *Roake* v. *Kidd*, 5 Ves. 647. So, where there is a deficiency between the quantity of land advertised to be sold, and the number of acres actually sold; or where there is any other misrepresentation, though not sufficient to vitiate the sale, the purchaser is entitled to compensation. 2 Smith's Ch. Pr. 208. Until, therefore, the report is absolutely confirmed, and every question in the cause deliberately settled, it would be inequitable to require the purchaser to part with his money.

In either view of the question then, that is, whether this motion is supported by the statute above cited, or whether the Court, regardless of the statute, had the power to grant it, we think the Court did right in refusing the motion.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper*, for the plaintiffs.

*W. H. Coombs* and *I. H. Kiersted*, for the defendant.